# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ELIJAH DAVID TSIDQENU, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:17CV2599 HEA |
| TRAYLOR CHATEAU, LLC, | ) ) ) | |
| Defendant. | ) | |

## SHOW CAUSE ORDER

Plaintiff Elijah David TsidQenu seeks leave to proceed in forma pauperis in this civil action brought against his landlord defendant Traylor Chateau, LLC. Upon review of plaintiff's financial affidavit, the Court finds that plaintiff does not have sufficient funds to pay the filing fee, and it will be waived. For the reasons stated below, the Court will order plaintiff to show cause why this case should not be dismissed, *sua sponte*, for lack of subject matter jurisdiction.

### Federal Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction, and must have a valid basis for the exercise of subject matter jurisdiction over a party's claims to adjudicate the controversy. *See, e.g., Marshall v. Marshall*, 547 U.S. 293, 298 (2006). "It is well established that a court has a special obligation to consider whether it has subject matter jurisdiction in every case. This obligation includes the concomitant responsibility 'to consider *sua sponte* [the court's subject matter] jurisdiction . . . where . . . [the court] believe[s] that jurisdiction may be lacking." *Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011) (quoting *Clark v. Baka*, 593 F.3d 712, 714 (8th Cir. 2010) (per curiam)).

**Discussion**

The Court first considers whether plaintiff has stated a basis for relief under federal law, as required for the exercise of jurisdiction under 28 U.S.C. § 1331. Under the well-pleaded complaint rule, federal question jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The allegations of a pro se plaintiff's complaint must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002).

Plaintiff brings his case under Missouri Revised Statute § 441.233, which governs a landlord's liability for unlawful removal or exclusion of tenant. Plaintiff states that he was locked out of his apartment by defendant's maintenance staff, and was denied access to his belongings. For relief, he seeks monetary damages against defendant. Plaintiff alleges no constitutional violations or violations of the laws of the United States in his complaint. *See* 28 U.S.C. § 1331.

In addition to federal question jurisdiction under § 1331, the Court can exercise diversity jurisdiction under 28 U.S.C. § 1332. Section 1332 provides that federal district courts may exercise jurisdiction over all civil actions where the matter in controversy exceeds the sum of $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). The basic rule has been strictly construed to provide that diversity jurisdiction exists under § 1332 only when there is "complete diversity of citizenship between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)).

Here, plaintiff as a Missouri resident is a "citizen" of Missouri for purposes of § 1332. It is unclear the citizenship of defendant Traylor Chateau, LLC, although plaintiff lists its address as 5838 Cabanne Avenue, St. Louis, Missouri. Regardless of the citizenship of defendant, however,

the amount in controversy does not meet the jurisdictional threshold of $75,000. Plaintiff seeks damages in the amount of $50,000. Even if the Court were to assume the presence of complete diversity between the parties, plaintiff's action would not meet the requirements for subject matter jurisdiction under 28 U.S.C. § 1332, because the amount in controversy does not exceed the sum of $75,000.

Although it appears that the Court does not have subject matter jurisdiction, because plaintiff is proceeding pro se, the Court will give plaintiff an opportunity to show cause why the case should not be dismissed for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**. The Court will waive the filing fee.

**IT IS FURTHER ORDERED** that plaintiff shall show cause in writing, within fourteen (14) days of the date of this Order, why the case should not be dismissed for lack of subject matter jurisdiction.

Dated this 19th day of October, 2017

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE